# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 06-11206
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 16, 2014

Lyle W. Cayce
Clerk

DANIEL TILLI,

Plaintiff-Appellant

v.

EXXON MOBIL OIL CORPORATION; LEE RAYMOND, CEO; REX TILLERSON,

Defendants-Appellees

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:05-CV-2409

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Daniel Tilli seeks leave to proceed in forma pauperis (IFP) to appeal the dismissal of his civil suit against the defendants for failure to state a claim on which relief may be granted. Tilli filed the suit contending that the defendants had violated the Consumer Protection Act, the Interstate Commerce Act, and the Sherman Act by illegally raising the price of gas and oil for personal gain.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

He alleged that the defendants had violated his civil rights by forcing him to use his pension to pay for the excessive cost of their products.  Tilli also moved to have the district court judge recused from his case.  By moving for leave to proceed IFP, Tilli is challenging the district court's certification that his appeal was not taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Failure to identify an error in the district court's analysis is the same as if the appellant had not appealed the judgment.  *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  Although pro se briefs are liberally construed, even pro se litigants must brief arguments in order to preserve them.  *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

Tilli provides only minimal briefing regarding the claims he seeks to raise on appeal.  He does not challenge the district court's denial of his motion for recusal or the court's determination that he failed to state a civil rights violation.  Accordingly, he has abandoned these issues on appeal.  *See Yohey*, 985 F.2d at 224-25.  As to his remaining claims, Tilli makes only conclusory assertions that the defendants have violated the Consumer Protection Act, the Interstate Commerce Act, and the Sherman Act by raising their gas prices.  Accordingly, his request for leave to proceed IFP is denied and his appeal is dismissed as frivolous.  *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

IFP DENIED; APPEAL DISMISSED.